UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHALIFAH E.D. SAIFULLAH, aka Fernando A. Jackson, Sr., C14257,<br><br>Plaintiff,<br><br>v.<br><br>JEFF MACOMBER, CDCR Secretary, and CHANCE ANDES, SQRC Warden,<br><br>Defendant(s). | Case No. 24-cv-04254-CRB  (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a state prisoner at San Quentin Rehabilitation Center (SQRC), filed a pro se complaint for damages under 42 U.S.C. § 1983 alleging that on February 9, 2024, he was ordered to strip down to his boxers and T-shirt and exit his cell in connection with a search of multiple cells in the West Block housing unit. He complied and was escorted to an East Block exercise holding cage where he was kept for three hours – 4:30 PM to 7:30 PM – "in 44[º] inclement weather without proper attire" which caused him to tremble from the cold and later become sick. ECF No. 1 (Compl.) at 4. Plaintiff claimed deprivation of a necessity of life and deliberate indifference in violation of the Eighth Amendment under § 1983 and California's Bane Act pursuant to this court's supplemental jurisdiction under 28 U.S.C. § 1367 and named California Department of Corrections and Rehabilitation (CDCR) Secretary Jeff Macomber and SQRC Warden Chance Anders as defendants because they "approved" or "authorized" the search. Id.

The court screened the complaint pursuant to 28 U.S.C. § 1915A and dismissed it with leave to amend to set forth additional facts to possibly support a claim of substantial deprivation of a necessity of life and deliberate indifference in violation of the Eighth Amendment. The court explained:

> A prison official violates the Eighth Amendment if two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, and (2) the prison official possesses a sufficiently culpable state of mind. Farmer v. Brennan, 511 U.S. 825, 834 (1994). In determining whether a deprivation of a necessity of life is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation. The more basic the need, the shorter the time it can be withheld. See Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). Substantial deprivations of shelter, food, drinking water or sanitation for four days, for example, are sufficiently serious to satisfy the objective component of an Eighth Amendment claim. See id. at 732-33. In prison-conditions cases, the necessary culpable state of mind is one of deliberate indifference – the prison official must know of and disregard an excessive risk to inmate health or safety. See Farmer, 511 U.S. at 837.
>
> Although regrettable, it's doubtful that placing plaintiff in his shorts and T-shirt in an outside exercise holding cage from 4:30 PM to 7:30 PM on February 9, 2024, resulted in a substantial deprivation of a necessity of life sufficiently serious to satisfy the objective component of an Eighth Amendment claim. The court takes judicial notice that the recorded outside temperature at SQRC from 4:30 PM to 7:30 PM on February 9, 2024, ranged from 56 to 51 degrees Fahrenheit. Wearing shorts and a T-shirt for three hours in 56-to-51-degree weather may be unpleasant but does not appear in of itself sufficiently serious to support an Eighth Amendment violation. Plaintiff nonetheless will be afforded an opportunity to amend to set forth additional facts to support his claim that his three-hour placement in an outside exercise holding cell somehow resulted in a substantial deprivation of a necessity of life, if possible. See Johnson, 217 F.3d at 731-33.
>
> Plaintiff also will be afforded an opportunity to amend to set forth facts showing that defendants Macomber and Andes were deliberately indifferent to plaintiff's health and safety when they purportedly approved the search of multiple cells in the West Block housing unit, if possible. It's not enough that Macomber and Andes approved the search; they must have done so knowing that it would be carried out in a way that presented an excessive risk to inmate health or safety and disregarded that risk by failing to take reasonable steps to abate it. See Farmer, 511 U.S. at 837.

ECF No. 5 (Dec. 10, 20204 Order) at 2-3.

Plaintiff timely filed a First Amended Complaint (FAC) that essentially repeats the allegations of the original complaint but now alleges that he was exposed to temperatures "as low as 45.9 Fahrenheit" (rather than 44 Fahrenheit as he alleged in the original complaint) for three hours on February 9, 2024, and adds that he was 69 years old at the time of the search and that he suffered a stroke several months later on November 30, 2024. ECF No. 7 (FAC) at 6. He also attaches a chart showing that the recorded high and low temperatures at San Quentin, California

2

on February 9, 2024, were 62- and 39-degrees Fahrenheit, respectively. But the temperatures at issue here are the temperatures between 4:30 PM and 7:30 PM on February 9, 2024, and the court already took judicial notice that "the recorded outside temperature at SQRC from 4:30 PM to 7:30 PM on February 9, 2024, ranged from 56 to 51 degrees Fahrenheit." ECF No. 5 at 2.

The court noted it is prior order that "[w]earing shorts and a T-shirt for three hours in 56-to-51-degree weather may be unpleasant but does not appear in of itself sufficiently serious to support an Eighth Amendment violation." Id. at 2-3. It nonetheless afforded plaintiff an opportunity to set forth additional facts to possibly support his claim that his three-hour placement in an outside exercise holding cell resulted in a substantial deprivation of a necessity of life. Plaintiff has not done so. That he was 69 years old at the time of the February 9, 2023, search and that he suffered a stroke nearly ten months later on November 30, 2024, does not compel a different conclusion. It simply cannot be said that plaintiff suffering a stroke nearly ten months after the February 9, 2023, search was a reasonably foreseeable consequence of placing him in an outside exercise holding cell for three hours in 50-degree weather during the February 9, 2023, unit-wide search of multiple cells.

Plaintiff has not set forth sufficient facts in the FAC to support his claim that his three-hour placement in an outside exercise holding cell during the February 9, 2023, unit-wide search of multiple cells somehow resulted in a substantial deprivation of a necessity of life. See Johnson, 217 F.3d at 731-33. Nor has plaintiff set forth sufficient facts in the FAC to support his claim that defendants Macomber and Andes were deliberately indifferent to plaintiff's health and safety when they purportedly approved and authorized the search of multiple cells in the West Block housing unit. Plaintiff has not set forth specific facts showing that Macomber and Andes knew that the search would be carried out in a way that presented an excessive risk to inmate health or safety and disregarded that risk by failing to take reasonable steps to abate it. See Farmer, 511 U.S. at 837. At most, plaintiff's allegations suggest that Macomber and Andes should have known that the search would be carried out in a way that could place an older prisoner at serious risk of injury but that amounts to no more than a claim for negligence or gross negligence not actionable under § 1983 in the prison context. See id. at 835-36 & n.4 (1994).

/

For the foregoing reasons, the FAC is DISMISSED under 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted under § 1983. No further amendment is in order. But to the extent that plaintiff may be able to state a claim for relief under California's Bane Act, said claim is dismissed without prejudice to bringing it in the California courts.

The clerk is directed to close the case and terminate all pending motions as moot.

**IT IS SO ORDERED**.

Dated: April 22, 2025

CHARLES R. BREYER
United States District Judge